**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 08-5110**

─────────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

STANAUS MCCOY,

               Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:06-cr-00208-GBL-1)

─────────────

Argued: September 23, 2009      Decided: October 27, 2009

─────────────

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ARGUED:** Todd M. Richman, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Jenny C. Ellickson, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF:** Michael S. Nachmanoff, Federal Public Defender, Alexandria, Virginia, for Appellant. Dana J. Boente, Acting United States Attorney, Jonathan L. Fahey, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Defendant, Stanaus McCoy, appeals the district court's denial of a motion to reopen a suppression hearing in light of new evidence that he claims the Government withheld in violation of Brady v. Maryland, 373 U.S. 83 (1963). Because McCoy cannot show that the evidence was material to the suppression hearing's outcome, we affirm the district court's denial of the motion to reopen the hearing and affirm McCoy's conviction.

I.

McCoy was charged with three counts of possession with intent to distribute crack cocaine, pursuant to 21 U.S.C. § 841(a)(1) (2006), and two counts of being a convicted felon in possession of a firearm, pursuant to 18 U.S.C. §§ 922(g)(1) and 924(e) (2006). The charges arose from an incident in a Loudon County, Virginia parking lot in which a police officer observed a drug deal between McCoy and another individual in a tow truck. Prior to trial, McCoy moved to suppress guns and drugs that the police found in his possession on the grounds that the officer lacked reasonable suspicion to search and detain him under the Supreme Court's decision in Terry v. Ohio, 392 U.S. 1 (1968). The district court initially granted McCoy's motion, but was reversed by a divided panel of this Court. United States v. McCoy, 513 F.3d 405, 407 (4th Cir. 2008).

2

In that opinion, we held that several factors leading up to the police stopping and then arresting McCoy gave rise to the requisite, reasonable suspicion: (1) the observing-officer knew that almost half of drug deals in Loudon County occur in public parking lots, like the one in which McCoy was arrested; (2) the specific parking lots in which the officer observed McCoy were frequent meeting places for drug deals; (3) drug dealers frequently change transaction locations at the last minute, just as McCoy did; (4) the officer saw McCoy arrive with his girlfriend at the parking lot and wait in his car for several minutes; (5) the officer saw McCoy point in "a southerly direction" when the tow-truck driver asked him where he wanted to meet; (6) both McCoy and the tow-truck driver went to another supermarket parking lot and neither went inside; (7) the officer saw McCoy enter the tow-truck for less than a minute; (8) the tow-truck driver "performed no towing services" and then left after McCoy exited the truck; and finally, the factor relevant to this appeal, (9) that when the officer ordered the tow-truck driver to pull over, he "responded by driving away at a high rate of speed." Id. at 412-13. One panel member wrote separately to emphasize that he found "the tow-truck driver's flight to be highly suspicious" and a key factor in the reasonable-suspicion calculus. Id. at 416 (Wilson, J., concurring).

3

Before trial, the Government disclosed to McCoy's counsel grand jury testimony by the tow-truck driver to whom McCoy sold the drugs. The tow-truck driver testified that rather than speed away from the parking lot, he merely "eased on out the road. [He] didn't speed away or nothing like that, just—the lights were green. [He] just eased on out like nothing ever happened." (J.A. 786.) Defense counsel moved to reopen the suppression hearing on the grounds that it undermined and impeached the officer's claim that when he told the tow-truck driver to pull over, the tow-truck driver "responded by driving away at a high rate of speed." The district court denied the motion, because it found that even if the tow-truck driver eased away, he still drove away to elude police. The officer, therefore, would still have had reasonable suspicion to stop McCoy.

A jury subsequently convicted McCoy of all-but one count in the indictment: three counts of possession with intent to distribute crack cocaine and one count of being a convicted felon in possession of a firearm. The district court sentenced him to 216 months in prison, and McCoy timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291 (2006).

II.

A.

We review a district court's denial of a motion to reopen a suppression hearing for abuse of discretion. United States v. Dickerson, 166 F.3d 667, 678 (4th Cir. 1999), rev'd on other grounds, 530 U.S. 428 (2000).

B.

To show that the district court abused its discretion when it refused to reopen the suppression hearing, McCoy must establish that the Government violated Brady by withholding the tow-truck driver's testimony. See United States v. Stokes, 261 F.3d 496, 502 (4th Cir. 2001). To establish a Brady violation, a defendant must show that the new evidence was (1) favorable to him for exculpatory or impeachment purposes; (2) that it was intentionally or unintentionally withheld by the Government; and (3) that the evidence was material. Strickler v. Greene, 527 U.S. 263, 282 (1999); Moseley v. Branker, 550 F.3d 312, 318 (4th Cir. 2008). McCoy cannot do so here.

Assuming, without deciding, that the tow-truck driver's grand jury testimony was both favorable and withheld under Brady, McCoy failed to prove that the new evidence was material. For new evidence to be material, a defendant must show that "there is a reasonable probability that had the evidence been disclosed to the defense, the result of the proceeding would

5

have been different." United States v. Bagley, 473 U.S. 667, 682 (1985); Stokes, 261 F.3d at 502. It is quite clear that evidence that merely contradicts a legally-insignificant witness statement or fact offered by the Government is, by definition, immaterial. See Hoke v. Netherland, 92 F.3d 1350, 1356-57 (4th Cir. 1996) (evidence of victim's past consensual, sexual activity, which contradicted prosecution's portrayal of victim as a virtuous woman not material to determining whether defendant raped the victim); United States v. Williams, 10 F.3d 1070, 1078 (4th Cir. 1993) (evidence that contradicted a witness's testimony that she had seen the defendant's car twice was not material because whether the witness personally saw the car twice was not relevant to the court's finding probable cause).

The tow-truck driver's testimony here contradicts an irrelevant factor in the reasonable suspicion analysis: whether the tow-truck driver sped or simply "eased away" when he refused a police officer's order for him to stop. Nothing in any of this Court or the district court's prior analyses of reasonable suspicion in this case identify the speed at which the tow-truck driver eluded police as a relevant factor. And in our view, whether a subject speeds or eases away from a police officer's order to stop does little to mitigate the individual's flight in the first instance.

6

Contrary to McCoy's contention, the testimony also does not rebut the officer's testimony that the tow-truck driver fled after the officer told him to stop — a fact corroborated by other witnesses, including McCoy when he testified at the suppression hearing. Defense counsel's argument that the testimony - in light of McCoy's own statement that the tow-truck driver did not look at the officer as he left the parking lot - shows that the tow-truck driver did not respond to the officer's command is overly-speculative and is not proof of materiality. In any event, whether or not the tow-truck driver subjectively responded to the officer's command is unavailing, because Terry requires the court to look only at what an objective officer would believe an individual to be doing, not to what that individual secretly intended. 392 U.S. 1, 27 (1968). McCoy cannot show that the new evidence contradicts the district court and this Court's finding that he refused to stop.

III.

For the above reasons, the district court did not clearly err when it denied McCoy's motion to reopen the suppression hearing. We therefore affirm McCoy's conviction.

AFFIRMED